Reece MARSHALL, Appellant,

v.

**FIRST BAPTIST CHURCH OF HOUSTON, Appellee.**

No. 14–95–01207–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 17, 1997.

Howard L. Nation, Kimberly A. Ayers, Houston, for appellant.

John P. Venske, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant Reece Marshall brought this negligence suit against appellee, First Baptist Church of Houston. The Church moved for summary judgment on the ground that Marshall's claim is barred by the applicable statute of limitations. The trial court granted the Church's motion for summary judgment, and Marshall has appealed this ruling. We affirm the judgment of the trial court.

Marshall was born on November 3, 1971. While he was growing up, he and his parents were active members of the First Baptist Church of Houston. In 1984, when he was 12 years old, Marshall was allegedly sexually molested by Steve Roddy, the director of children's music at the Church. Initially, Marshall told no one of this incident. However, in 1987 he told a couple of Church members and Minister Gerald Ray what had happened. Ray did not notify law enforcement officials, the Texas Department of Human Services, or Marshall's parents. In 1988, Marshall told Pastor John Bisagno about the alleged sexual assault, and Bisagno also failed to report the incident. Finally, in 1989, Marshall told Ministers Johnnie Deur-

wyn, Charles Poor, and Felix Wagner of the alleged sexual assault, and these individuals, likewise, failed to report the incident.

Marshall reached the age of majority on November 3, 1989. Over the years, Marshall suffered some emotional problems, which he contends are the direct result of the molestation and the inadequate response to Roddy's actions by ministers of the Church. In 1990, Marshall's psychological problems became severe, and he began receiving counseling on July 23, 1990. During this time, Marshall's therapist obtained his history, which revealed the allegations of sexual abuse in addition to the allegation that Marshall's attempts to receive help from Church officials had been rejected. On February 12, 1991, Marshall was hospitalized for depression and anxiety attacks. A psychiatrist diagnosed Marshall with multiple personality disorder and chronic and severe post traumatic stress disorder.

Marshall filed suit against the First Baptist Church on January 6, 1994, alleging that the Church was liable for a continuing course of actionable conduct occurring in 1983, 1984, 1987, 1988 and 1989, which included not only the sexual assault committed by its minister, but also the rejection of Marshall's cries for help by Church officials. The trial court granted appellee's motion for summary judgment on the ground that the two year statute of limitations barred Marshall's claim. Marshall subsequently filed a motion for new trial which was overruled.

Summary judgment is proper only if the movant shows there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a summary judgment, this court is required to take all proof favorable to the non-movant as true, indulging every reasonable inference and resolving any conflicts in the evidence in the non-movant's favor. *Id.* When a party moves for summary judgment on the basis of limitations, that party must conclusively establish that the plaintiff's cause of action is barred by the applicable statute of limitations. *Del-*

*gado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

■■ The applicable statute of limitations for personal injury provides that the plaintiff must bring suit no later than two years after the date the cause of action accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). Generally, a cause of action accrues when a wrongful act causes a legal injury, even if the fact of injury is not discovered until later and even if all resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). However, when a plaintiff is under 18 years of age at the time an injury occurs, he is under a legal disability for purposes of the statute of limitations. Tex. Civ. Prac. & Rem.Code Ann. § 16.001(a)(1) (Vernon 1986). In such case, the commencement of the running of the statute of limitations is deferred until the disability is removed when the plaintiff reaches the age of majority. *Id.* at § 16.001(b). In this case, Marshall was a minor at the time the acts causing his injuries occurred. Because Marshall turned 18 on November 3, 1989, the statute of limitations began running on that date and he had until November 3, 1991, to file his claim. He failed to do so, and as a result, unless some other exception exists to delay the commencement of the statute of limitations or toll the running of the limitations period,[1] his claim is barred.

On appeal, Marshall raises seven points of error, which can be reduced to four basic arguments for avoiding the limitations bar. These include his contentions that: (1) under the discovery rule, accrual of his cause of action should have been deferred until he discovered the wrongful act and resulting injury, (2) the Church's conduct constituted a continuing tort, (3) the Church's conduct constituted a continuing breach of contract, and (4) Marshall's mental incompetency should have deferred accrual of his cause of action. We will address each of these arguments individually.

---

1. Deferring accrual of a cause of action, in effect, delays the commencement of the limitations period. This is distinct from suspending or tolling

the running of limitations once it has begun. *S.V.*, 933 S.W.2d at 4.

■ In his first four points of error, appellant argues that this court should apply the discovery rule to defer the accrual of his cause of action. The discovery rule applies in limited situations where the wrongful act and resulting injury are inherently undiscoverable at the time they occurred but may be objectively verified. *S.V.*, 933 S.W.2d at 6. In such cases, accrual of the plaintiff's cause of action is deferred until he knows, or in the exercise of reasonable diligence should know, of the wrongful act and injury. *Id.* at 4. Marshall claims that, as late as July of 1992, he was not aware that his psychological problems were related to the actions of the ministers who failed to report his claims of abuse. Thus, if we were to apply the discovery rule to defer the commencement of the limitations period until that time, the January 1994 filing of this claim would be timely.

■ The first prong of the discovery rule exception to the statute of limitations requires us to determine whether the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred. *Computer Associates International v. Altai*, 918 S.W.2d 453, 456 (Tex.1996). An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence. *Id; see also S.V.*, 933 S.W.2d at 8. Marshall argues that a fact question exists concerning when he should have discovered the cause of his emotional problems. In a similar type of case, *S.V. v. R.V.*, the Supreme Court was faced with a sexual assault the victim of which had repressed her memory of the wrongful act. There, the court assumed without deciding that because some traumas are by nature impossible to recall for a time, the plaintiff had satisfied the inherently undiscoverable element of the discovery rule. *Id.* at 7. However, as demonstrated by the summary judgment proof, Marshall was acutely aware of the sexual molestation incident involving Roddy. In fact, Marshall reported the assault within three years after it occurred and continued to report it during the next several years. In addition, he was aware of the inaction of church officials following these reports. There is no question that Marshall had discovered the wrongful acts.

Nevertheless, Marshall suggests that the inherently undiscoverable element requires that the injured party not only know that the wrongful act occurred, but also that the injury—in this case his psychological problems—was *caused* by the misconduct. He contends he did not know that his problems were related to the acts of the Church. Marshall misconstrues the meaning of the inherently undiscoverable requirement. Whether or not Marshall made the "complicated connection between the Church's conduct and his psychological condition" is of no moment because neither the wrongful acts nor the injuries asserted in this case are inherently undiscoverable. In fact, both had rather obvious manifestations long before the limitations period expired. Moreover, Marshall does not argue that he was unaware of the wrongful acts. In addition, he does not contend he was unaware of the psychological and emotional injuries which resulted from those acts. Because Marshall was clearly aware of both the wrongful acts and the injury in this case, the inherently undiscoverable prong of the discovery rule is not satisfied.

■ Marshall contends equity and public policy support the application of the discovery rule to this case. We do not agree. The discovery rule is limited in application by the inherent undiscoverability element. We will not expand it to include those cases in which the appellant is fully aware of the act and the injury but has failed to make the causal connection between the two. *See Computer Associates*, 918 S.W.2d at 457 (stating that because misappropriation of trade secrets is not a cause of action that is inherently undiscoverable, permitting application of the discovery rule exception in these cases would do no more than permit the litigation of stale claims).

■ Finally, Marshall argues that the doctrine of equitable estoppel prevents the Church from asserting its limitations defense because its actions prevented him from discovering his injury and its cause. This doctrine applies when the tortfeasor fraudulently conceals the existence of a cause of action from the plaintiff. *Borderlon v. Peck*, 661

S.W.2d 907, 908 (Tex.1983). The estoppel effect ends as soon as the plaintiff learns of facts, conditions, and circumstances which would cause a reasonably prudent person to make an inquiry which would lead to discovery of the cause of action. *Id.* at 909. In this case, as noted above, Marshall was fully aware of the abuse and his resulting psychological injuries. No one associated with the Church attempted to conceal them from him. In such case, there can be no fraudulent concealment. *See id.; see also S.V.*, 933 S.W.2d at 8. For the reasons set out above, we conclude that the discovery rule and the related doctrine of fraudulent concealment do not apply.[2] Thus, we overrule Marshall's first four points of error.

In his fifth point of error, Marshall argues that the trial court erred in granting the Church's motion for summary judgment because the Church's conduct constitutes a continuing tort. Specifically, Marshall alleges that because the Church failed to report Marshall's abuse to the proper authorities, the Church violated § 34.01 of the Texas Family Code, which requires any person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect to report it. Marshall contends that each day Church officials failed to report Marshall's abuse constitutes a new wrongful act, initiating a new limitations period.

 We disagree. First, § 34.01 of the Texas Family Code is punishable by criminal penalties. Nothing in the statute indicates that it was intended to create a private cause of action. Second, even if the statute did create a private cause of action, such an action would not be viable in this case. The statute only creates a duty to report the abuse or neglect of *a child.* Thus, the Church's duty to report the molestation of Marshall no longer existed as of the day he turned eighteen, November 3, 1989. Otherwise, application of this statute would have unintended results. Under Marshall's argument, if a sixty year old woman reveals to

her minister that she was abused as a child some fifty years ago, this minister could be either prosecuted or sued for failing to report the abuse to the proper authorities. We decline to adopt Marshall's interpretation that this statute was intended to apply to an instance of past childhood abuse when the victim has attained the age of majority and is no longer in need of this statutory protection. Thus, we must overrule Marshall's fifth point of error.

In his sixth point of error, Marshall argues that the trial court erred in granting the Church's motion for summary judgment because the Church's conduct constitutes a breach of contract and breach of the duty of good faith and fair dealing arising therefrom. Marshall contends that his baptism in the First Baptist Church gave rise to a contractual relationship between the Church and its member. He argues that based on this contractual relationship, the Church was required to effectuate a "healing ministerial resolution of this matter." Appellant cites us to no authority to support his contention that a contractual basis of liability can arise from the covenant between a Church and its members. When an appellant fails to cite authority supporting a point of error, he waives that point of error. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983). Therefore, Marshall's sixth point of error is overruled.

In his seventh point of error, Marshall argues that the trial court erred in granting the Church's motion for summary judgment because the issue of Marshall's mental incompetence was raised. Like minority, mental incompetence provides a statutory basis for either deferring or tolling the statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(a)(2) & (b) (Vernon 1986). However, at oral argument Marshall conceded that this particular basis for tolling the statute of limitations was waived. Marshall did not raise the issue in any written response to the Church's motion for summary judgment. Although Marshall's summary judgment proof indicates that he experienced varying de-

---

**2.** We note that the discovery rule has a second element: the requirement that the alleged injury must be objectively verifiable. Because Marshall's alleged injury cannot satisfy the inherently undiscoverable prong of the rule, we do not reach the question of whether the alleged injury is objectively verifiable.

grees of emotional problems at various points in time before he filed suit, he fails to claim that these problems rose to the level of incompetence such that he was unable to enforce his legal rights. Further, he did not specify the period of time during which this level of incompetence existed. *See Smith v. Erhard,* 715 S.W.2d 707, 709 (Tex.App.—Austin 1986, writ ref'd). Issues not expressly presented to the trial court by written motion, answer, or other response to a motion for summary judgment may not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a (c). Consequently, Marshall's seventh point of error is overruled.

The judgment of the trial court is affirmed.