947 So.2d 983 (2006)
Jane DOE, Appellant
v.
ROMAN CATHOLIC DIOCESE OF JACKSON, Mississippi, Bishop William R. Houck, his Predecessors and Assigns, and George Broussard, Appellees.
No. 2004-CA-02572-COA.
Court of Appeals of Mississippi.
June 6, 2006.
Rehearing Denied November 7, 2006.
*984 Hiawatha Northington, attorney for appellant.
Christy Michelle Sparks, Ridgeland, Janet McMurtray, Jackson, Joseph L. McNamara, John Jeffrey Trotter, attorneys for appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Jane Doe[1] claims in the early 1970's, that Father George Broussard and *985 Father Tommy Boyce[2], priests with the Roman Catholic Diocese of Jackson, Mississippi (Diocese), began sexually abusing her. Doe claimed that Boyce began abusing her as early as 1972 while Broussard began to abuse her in 1973.[3] This alleged abuse continued until about 1977 when Doe graduated high school in Kansas. Doe married in or about 1979, but separated from her husband in 1982. After the separation, Doe learned she was pregnant. Doe's mother then arranged with Father Boyce for Doe to stay at the Catholic Charities Maternity Home in Jackson. Upon arriving at the Maternity Home, Doe claims that Boyce resumed his abuse.
¶ 2. Doe claims that her past injuries were renewed sometime after 2001 when she learned that the Diocese and its leaders were aware of the activities of the priests. Thereafter, Doe filed a complaint on July 18, 2003 against the Diocese and several other parties, alleging conspiracy, fraud and fraudulent concealment, negligence, intentional infliction of emotional distress, breach of fiduciary duty, negligent and fraudulent misrepresentation, and negligence per se. No discovery was conducted. The Diocese and Houck collectively filed a motion for summary judgment on January 6, 2004, claiming that the statute of limitations had expired on Doe's claims. On July 15, 2004, the court granted summary judgment against Doe, and dismissed her claims with prejudice. It is from the grant of summary judgment that Doe has chosen to appeal.

DISCUSSION
¶ 3. The standard of review for summary judgment is well settled. A trial court's grant or denial of a motion for summary judgment is always reviewed de novo. Leffler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss.2004). The evidence is viewed in the light most favorably to the party opposing the motion. Davis v. Hoss, 869 So.2d 397, 401(¶ 10) (Miss.2004). If there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. Id. The opposing party must be diligent and may not rest upon mere allegations or denials in the pleadings, but must by allegations or denials, set forth specific facts showing there are genuine issues for trial. Id. If any triable issues of fact exist, the lower court's grant of summary judgment will be reversed; otherwise, the decision will be affirmed. Miller v. Meeks, 762 So.2d 302, 304(¶ 3) (Miss.2000).
¶ 4. The trial court found that Doe's claims were barred because the applicable statute of limitations had expired. Doe's claims are governed by the general statute of limitations set forth in Mississippi Code Annotated § 15-1-49, prior to its 1989 amendment. Any claim that accrued prior to 1989 is subject to a six year statute of limitation. Because Doe was a minor at the time of the alleged abuse, the statute of limitations was tolled until she turned twenty-one, when she reached the age of majority. See Mississippi Code Annotated § 15-1-59 (Rev.2003); see also Lawler v. Government Employees Ins. Co., 569 So.2d 1151, 1153 (Miss.1990). Assuming again that Doe was born in 1959, she turned twenty-one in or about 1980. Doe would have had until 1986 to file her claim of abuse before the six year statute of limitations, *986 which was tolled during her minority, expired. Therefore, Doe's claims are time barred on their face. However, Doe argues that some material facts exist, and these disputed facts should preclude summary judgment and the time bar.
¶ 5. Doe asks this court to apply the discovery rule in tolling the limitations period because she did not psychologically comprehend that the priests' acts were abuse, she did not connect the priests' actions to her emotional problems, and she only recently began to psychologically comprehend that the priests' acts were abusive and the cause of her injuries. The discovery rule, set out in Mississippi Code Annotated § 15-1-49(2) (1972) (current version at § 15-1-49(2) (Rev.2003)) states: "in actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Essentially, the discovery rule provides for a special exception to the standard three-year statute of limitations for "latent injury or disease." PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 50(¶ 9) (Miss. 2005). In order to claim benefit of the discovery rule, a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury. Wayne General Hosp. v. Hayes, 868 So.2d 997, 1001(¶ 15) (Miss.2004). "The focus is on the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he [or she] probably has an actionable injury." Id. (citing Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)).
¶ 6. The discovery rule does not apply in Doe's case. Our supreme court has held that where there is no latent injury, the discovery rule cannot apply. PPG Architectural Finishes, Inc., 909 So.2d at 50(¶ 10). A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act. Id. (citing Donald v. Amoco Prod. Co., 735 So.2d 161, 168(¶ 18) (Miss.1999)).
¶ 7. The acts of abuse alleged by Doe are physical acts of which a person is generally aware when the event occurs. Given the nature of the physical acts Doe alleges she endured from Boyce and Broussard, and her age at the time of the abuse, Doe was certainly aware of the abuse at the time of its occurrence. Whether or not Doe was mentally capable of understanding the physical acts she endured when they occurred is not the critical inquiry with the discovery rule. Further, when construing Mississippi Code Annotated § 15-1-35 in the context of clergy sexual abuse claims, the United States District Court for the Eastern District of Louisiana held that "claims of illicit sex are substantially and functionally similar to allegations of assault and battery." Tichenor v. Archdiocese of New Orleans, 869 F.Supp. 429, 435 (E.D.La.1993). Such is the case here. Thus, the discovery rule does not apply in Doe's case. Therefore, the trial court committed no error on this issue.
¶ 8. Like the discovery rule, fraudulent concealment also tolls the accrual of limitations. Doe also argues that her claims should survive the time bar because of an alleged conspiracy by the Diocese to fraudulently conceal from her abuse about which it knew.
¶ 9. Fraudulent concealment tolls the limitations period until the claim is discovered or should have been discovered. *987 Miss.Code Ann. § 15-1-67 (Rev.2003). In order to establish fraudulent concealment, the plaintiff must prove that (1) the defendants engaged in some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of a claim, and (2) though plaintiffs acted with due diligence in attempting to discover the claim, they were unable to do so. Robinson v. Cobb, 763 So.2d 883, 887(¶ 19) (Miss. 2003). Here, Doe has failed to satisfy either prong of the fraudulent concealment test. Doe did not present any evidence showing that any party committed any act or conduct of an affirmative nature designed to prevent, and which did prevent, discovery of a claim. Nor does Doe present any evidence showing any effort on her part to discover any information from the Diocese, prior to her complaint being filed in 2003. Instead, Doe asserts that this is an issue of material fact that should survive summary judgment so that discovery can be completed and this information divulged. However, because Doe has failed to satisfy either prong of the fraudulent concealment test, and because Doe was aware of the abuse, the statute of limitations was not tolled.
¶ 10. A similar decision was reached in Doe v. Linam, 225 F.Supp.2d 731, 733 (S.D.Tex.2002). In Doe, the court dealt with an issue of alleged abuse by Catholic clergy. Doe, a minor at the time of his alleged abuse, waited twenty-eight years before bringing his claim before the court. Id. In trying to overcome his statute of limitations, Doe claimed that the Diocese's fraudulent concealment of his alleged abuser's sexual propensities tolled his statute of limitations. Id. at 734. The court, however, found that fraudulent concealment could not apply because Doe was aware of the abuse before the applicable statute of limitations began to run. Id. at 736. In the case sub judice, Doe was aware of the abuse when it was allegedly committed. Doe has admitted that she kept the abuse to herself for fear of risking her mother's welfare, and because she blamed herself for what was happening to her. Because Doe was aware of the abuse, the fraudulent concealment doctrine cannot apply, and the statute of limitations cannot be tolled.
¶ 11. Finally, Doe claims that the revelation in or about 2001 that the Diocese knew of past acts of abuse resulted in her suffering from a new injury. Again, Doe has failed to show that the Diocese specifically knew of her alleged abuse, and has also failed to show a legally recognized relationship to those claims that the Diocese did know of. Thus, Doe has no standing to assert this as a new cause of action. Therefore, the judgment of the trial court granting summary judgment is affirmed.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK AND IRVING, JJ., NOT PARTICIPATING.
NOTES
[1] Due to the nature of the offense, the victim's real name will not be used in this opinion.
[2] Father Boyce is now deceased, and was deceased at the start of the litigation.
[3] Although there is no record of when Doe was born, Doe graduated from high school in 1977. Assuming she was eighteen when she graduated from high school, Doe was born in or around 1959. Therefore, Doe was between twelve and thirteen years old when the alleged abuse began.