United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50584
Summary Calendar

_____

JOSE RENE HERNANDEZ,

Plaintiff-Appellant,

versus

MARGARITA ARELLANO, Individually;
JULIE BETH TODARO; ROBERTA
IVY SHAFFER, Individually;
MARY LYNN RICE-LIVELY, Individually;
JOHN DOE, Graduate Student;
 MARGARET ANN YACKEY, Graduate Student;
 PETER LARSEN, Graduate Student;
AMY FILIATREAU, Graduate Student;
A. J. JOHNSON, Graduate Student,

Defendants-
Appellees.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-317
--------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:*

_____

   *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and  is not precedent  except under  the limited  circumstances set  forth  in 5TH CIR. R. 47.5.4.

Jose Rene Hernandez filed an action under 42 U.S.C. §§ 1983 and 1985 against current and former administrators and students of the University of Texas arising from their alleged conspiracy to interfere with the proper functioning of his university e-mail account because of his nationality. The district court granted the defendants' motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). The court also denied Hernandez's motions for appointment of counsel, for leave to file a second amended complaint, for sanctions against defense counsel, and to disqualify the magistrate judge.

Hernandez asserts that the district court erred in granting the defendants' motion to dismiss his First Amendment claims. Hernandez claimed that the defendants violated his rights under the First Amendment by "violating" his e-mail account in a way that restricted his access to his graduate program's listserv. He conceded in the amended complaint that he did not know who made the alleged change to his email account or how it was done. The conclusory allegations do not state a claim for relief. *See Chiras v. Miller*, 432 F.3d 606, 611 (5th Cir. 2005).

Next Hernandez asserts that the district court erred by denying his motion for leave to file a second amended complaint after the magistrate judge determined that his case should be dismissed. The district court denied the motion on the basis that Hernandez had failed to take advantage of a previous opportunity to amend his complaint. The court did not abuse its discretion. *See Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).

Hernandez also argues that the district court erred in refusing to appoint counsel. The district court considered each of the four factors listed in *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986), for determining whether appointment of counsel is appropriate. It concluded (1) the case was not complex; (2) Hernandez had not shown he was unable to present his claims; (3) he seemed capable of understanding the federal rules governing discovery; and (4) he

failed to show that the case would present a large amount of conflicting testimony, and his admission into graduate school reflected his intellectual abilities. Accordingly, the court did not abuse its discretion. *See id.*

Next Hernandez asserts that the district court erred in failing to order the magistrate judge to answer Hernandez's motion to disqualify him. This issue is frivolous; there is no requirement that the magistrate judge respond to a motion for disqualification. See 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 541-56 (1994). Moreover, the district court ruled on the motion.

In addition, Hernandez argues that the district court abused its discretion in denying his motion for sanctions against the defense attorneys under Rule 11. He asserts that the court erred in failing to investigate and adequately explain whether sanctions were proper. Due to the nature of the outlandish accusations in Hernandez's motion, the district court did not abuse its discretion. *See Friends for Am. Free Enter. Ass'n v. Wal-Mart*, 284 F.3d 575, 577-78 (5th Cir. 2002).

Finally, Hernandez asserts two other issues in the Statement of Issues in his brief that he does not include in the body of the brief: that the district court erred in failing to consider documents attached to his complaint in ruling on the 12(b)(6) motion and that the court erred in limiting discovery and failing to supervise a pre-trial conference. Hernandez waived these issues by his failure to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.