John DOE, II; John Doe; John Doe, III, Plaintiffs–Appellants–Cross Appellees

v.

ST. STEPHEN'S EPISCOPAL SCHOOL; Robert E. Kirkpatrick, His Predecessors and Successors, as Headmaster of St. Stephen's Episcopal School, Protestant Episcopal Church Council of the Diocese of Texas, Defendants–Appellees–Cross Appellants

D.D. Don A. Wimberly, The Right Reverend, His Predecessors and Successors, as Bishop of the Episcopal Diocese of Texas; James Lydell Tucker; Protestant Episcopal Church Council of the Diocese of Texas, Defendants–Appellees.

No. 09–41108
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 18, 2010.

Felecia Yvonne Peavy, Esq., Smith Peavy, L.L.C., Houston, TX, Tahira Khan Merritt, Dallas, TX, for Plaintiffs–Appellants–Cross Appellees.

James Chrisman Phillips, Esq., Amy Marie Emerson, Jose Eduardo de la Fuente, Esq., Lloyd Gosselink Rochelle & Townsend, P.C., Austin, TX, for Defendants–Appellees–Cross Appellants.

Shadow M. Sloan, Vinson & Elkins, L.L.P., Houston, TX, Darrell L. Barger, Hartline, Dacus, Barger, Dryer & Kern, L.L.P., Corpus Christi, TX, for Defendants–Appellees.

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

**PER CURIAM:** *

John Doe, John Doe II, and John Doe III (collectively, "Plaintiffs") appeal the district court's grant of summary judgment in favor of St. Stephen's Episcopal School; Robert Kirkpatrick; the Protestant Episcopal Church Council of the Diocese of Texas ("Diocese"); and Reverend Don Wimberly, D.D. (collectively, "St.Stephen's"), dismissing Plaintiffs' claims of breach of fiduciary duty, civil conspiracy, fraud and fraud concealment, negligence and negligent misrepresentation, and vicarious liability as time-barred. Plaintiffs contend the district court erred in failing to apply Texas's discovery rule and the doctrines of fraudulent concealment and equitable estoppel to toll the statute of limitations. St. Stephen's cross-appeals the district court's denial of its motion to respond to Plaintiffs' response to its motion for summary judgment. For the reasons discussed below, we AFFIRM the district court's grant of summary judgment.[1]

We review a district court's grant of summary judgment de novo. *XL Specialty Ins. Co. v. Kiewit Offshore Servs.*, 513 F.3d 146, 149 (5th Cir.2008). Summary judgment is proper if the record presented to the court "show[s] that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c)(2).

The parties do not dispute that James Lydell Tucker sexually abused Plaintiffs between 1964 and 1968 while they were students at St. Stephen's. At the time, Tucker was the chaplain and a member of

---

1. Plaintiffs fail to brief any arguments related to their civil conspiracy claim, which is separately addressed in the district court's order. Accordingly, any issues related to that claim are waived for failure to brief. *See, e.g., Hernandez v. Arellano*, 191 Fed.Appx. 263, 265 (5th Cir.2006).

the faculty at the school. In 1968, Does II and III notified then-headmaster Dr. Allen Becker of the abuse. He instructed them not to tell anyone, including their parents.

In 2006, the Diocese[2] began an investigation into Tucker's actions after the 1968 abuse complaint was discussed at a class reunion. Plaintiffs, who were interviewed by Diocese investigators, subsequently filed this lawsuit in 2008. While all Plaintiffs struggled with some combination of academic, addiction, and psychological problems subsequent to the abuse, they were not diagnosed with Post–Traumatic Stress Disorder ("PTSD") related to the abuse until 2007 or later.

In the instant diversity matter, we refer to Texas's statute of limitations and tolling doctrines to determine whether the district court erred in failing to toll the statute. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Texas, the statute of limitations for personal injury in sexual assault cases is five years from when the cause of action accrues.[3] TEX. CIV. PRAC. & REM.CODE § 16.0045(a). "[A] cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). However, when the victim is a child, the

statute of limitations is tolled until the child turns eighteen. TEX. CIV. PRAC. & REM.CODE § 16.001(a)–(b).

All Plaintiffs had turned eighteen by 1969. Unless an exception to the statute of limitations applies to toll the running of the limitations period on Plaintiffs' claims, the causes of action were barred by 1974. However, Plaintiffs argue that the discovery rule should apply to toll the statute of limitations because they were unaware the abuse had caused their psychological injuries.[4] The discovery rule is an exception to the limitations period that tolls the statute of limitations when "the alleged wrongful act and resulting injury are inherently undiscoverable at the time they occurred but may be objectively verified." *S.V.*, 933 S.W.2d at 6. "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 7.

The Texas Supreme Court has not directly addressed the question of whether all sexual abuse cases are inherently undiscoverable, but other Texas courts have found that the discovery rule does not apply uniformly to these cases. *See Doe v. Linam*, 225 F.Supp.2d 731, 735–36 (S.D.Tex.2002) (holding that the discovery rule did not apply because the plaintiff

---

**2.** As an ordained Protestant Episcopal Priest in the Diocese, Tucker was employed by the Diocese during his tenure at St. Stephen's Episcopal School.

**3.** The vicarious liability claim is brought through the personal injury cause of action. The statute of limitations for civil conspiracy, negligence, and negligent misrepresentation is two years from the date of the accrual of the claim. *See* TEX. CIV PRAC. & REM.CODE § 16.003; *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir.2008) (negligent misrepresentation); *Jackson v. W. Telemktg. Corp. Outbound*, 245 F.3d 518 (5th Cir.2001) (civil conspiracy); *Geraghty & Miller, Inc. v. Conoco*

*Inc.*, 234 F.3d 917, 931 (5th Cir.2000) (negligence). The statute of limitations for breach for fraud and breach of fiduciary duty is four years. TEX. CIV. PRAC. & REM CODE § 16.004(a)(4)–(5). These statutes of limitations are subsumed by the personal injury statute of limitations for purposes of this discussion.

**4.** In support of their argument, Plaintiffs rely almost exclusively on *Childs v. Haussecker*, 974 S.W.2d 31 (Tex.1998). This case concerns latent occupational injuries and does not discuss the discovery rule in the context of sexual abuse.

knew both of the abuse and of his emotional and psychological problems); *Marshall v. First Baptist Church,* 949 S.W.2d 504, 507 (Tex.App.1997) (holding that the discovery rule did not apply because the victim had reported the abuse and therefore had "discovered the wrongful acts"). To bring a suit, it is not necessary for the victim to connect the abuse to any subsequent psychological injuries or understand the full extent of his injuries. *Adams v. YMCA,* 265 S.W.3d 915, 917–18 (Tex.2008); *Linam,* 225 F.Supp.2d at 735–36. Sexual assault—an impermissible and intentional invasion of the victim's person—is in and of itself an injury "actionable independently and separately from mental suffering or other injury." *Harned v. E–Z Fin. Co.,* 151 Tex. 641, 254 S.W.2d 81, 85 (1953).

■ In the instant matter, all Plaintiffs testified that they had mentioned to other people at least five years prior to the filing of the lawsuit that they had been molested and that they have been aware, at least periodically, of the molestation since they turned eighteen.[5] Under Texas law, knowledge and reporting of the abuse foreclose the contention that this abuse was inherently undiscoverable. *See S.V.,* 933 S.W.2d at 6–7.

Plaintiffs contend the discovery rule should apply because their "suppression and repression" prevented them from understanding the extent and ramifications of the abuse. However, Texas courts have distinguished cases in which victims were at least in some way aware of the abuse from cases in which the victim repressed *all* memories of the abuse. *Compare Placette v. M.G.S.L.,* No. 09–09–00410, 2010 WL 1611018, at *5, 2010 Tex.App. LEXIS 2935, at *14–*15 (Tex.App. Apr. 22, 2010) (holding that the discovery rule did not apply because the victim "testified she 'always knew' she had been abused"), *with S.V.,* 933 S.W.2d at 8 (assuming without deciding that victim's injuries were inherently undiscoverable because the victim had completely repressed memories of the abuse, recovering them only through therapy sessions).

Although Plaintiffs present affidavits from a psychiatrist asserting they have suppressed and repressed the abuse, we find the facts of this case insufficient to show that the sexual abuse was inherently undiscoverable. While Plaintiffs likely did engage in psychological coping mechanisms, unlike the victim in *S.V.,* those mechanisms did not completely "block ... all memory of" the abuse, as demonstrated by Plaintiffs' comments about the abuse to others. 933 S.W.2d at 11. Furthermore, Plaintiffs completed college and maintained careers, indicating that the coping mechanisms did not "so mentally impair [Plaintiffs as to make them] unable to participate in, control, or understand the progression and disposition of a lawsuit." *Placette,* 2010 WL 1611018, at *5–6, 2010 Tex.App. LEXIS 2935, at *15. Therefore, the district court properly found that the discovery rule did not toll the statutory limitations on Plaintiffs' sexual assault claims.

■ Plaintiffs also argue that fraudulent concealment and equitable estoppel should apply to toll the statute of limitations because St. Stephen's and Headmaster Becker did not act on their abuse allegations. The doctrine of fraudulent concealment "suspend[s] the running of limitations until

---

**5.** Doe testified that he first told a mental health professional of the abuse in 1969 and next told a marriage counselor in 1991. Since then, he has informed multiple other people. Doe II testified he told his wife of the abuse in early 2000. Doe III testified that he "brought it up at various times in personal situations" after graduating from St. Stephen's and also informed his parents in 1984 or 1985.

such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action." *Earle v. Ratliff,* 998 S.W.2d 882, 888 (Tex.1999). For fraudulent concealment to apply, the plaintiff must prove the defendant: "(1) had actual knowledge of the wrong; (2) had a fixed purpose to conceal the wrong; and (3) did conceal the wrong from the plaintiff." *Quigley v. Bennett,* 256 S.W.3d 356, 360–61 (Tex.App. 2008) (citing *Shah v. Moss,* 67 S.W.3d 836, 841 (Tex.2001)). Similarly, equitable estoppel tolls the statute of limitations where there exists "a false representation or concealment of material facts [and] the party to whom the statement was made must have been without knowledge or means of knowledge of the real facts." *Linam,* 225 F.Supp.2d at 737 (quoting *Gulbenkian v. Penn,* 151 Tex. 412, 418, 252 S.W.2d 929 (Tex.1952)).

Plaintiffs' arguments fail under both doctrines because, based on their later statements about the abuse to others, Plaintiffs had knowledge of their abuse and had not been deceived into thinking they had not been abused. *See Linam,* 225 F.Supp.2d at 737; *S.V.,* 933 S.W.2d at 8. Accordingly, the district court did not err in refusing to toll the statute of limitations under either the doctrine of fraudulent concealment or equitable estoppel.

Because the district court did not err in granting St. Stephen's summary judgment motion based on the untimeliness of Plaintiffs' claims, we need not reach the merits of St. Stephen's cross appeal.

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.