

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00922-CV

John E. **RODARTE**, Sr.,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Jason Pulliam, Justice

Delivered and Filed:  October 7, 2015

AFFIRMED

John E. Rodarte, Sr. appeals the trial court's order dismissing his lawsuit against the Texas Department of Family and Protective Services. In his brief, Rodarte refers to the discovery rule as a reason the trial court erred in dismissing his lawsuit. We affirm the trial court's order.

### BACKGROUND

This is the second appeal arising from the underlying lawsuit. In his lawsuit, Rodarte alleged the Department violated his rights by failing to produce a 1995 investigation file involving allegations of sexual abuse with regard to his two children. *See Rodarte v. Tex. Dep't of Family*

*& Protective Servs.*, No. 04-10-00880-CV, 2012 WL 2020989, at *1 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.). The Department filed a plea to the jurisdiction and motion to dismiss, asserting: (1) any tort claims alleged by Rodarte were barred by sovereign immunity; and (2) any claim based on the denial of Rodarte's request for information should be dismissed as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *Id.* The trial court granted the Department's plea to the jurisdiction and motion to dismiss, and Rodarte appealed the trial court's order in the first appeal to this court. *Id*.

In that appeal, Rodarte only challenged the trial court's ruling that his claim based on the denial of his request for information was frivolous. *Id*. This court reversed the portion of the trial court's order dismissing his claim for information, holding the trial court erred in determining that claim was frivolous. *Id*. at *4. Because Rodarte did not challenge the trial court's dismissal of his tort claims, this court affirmed the portion of the trial court's order dismissing the tort claims. *Id*. at *1 n.1, *4.

After our mandate issued in the first appeal, the trial court ordered the Department to provide Rodarte with a redacted version of its 1995 investigation file. The Department subsequently filed an advisory with the trial court stating the file was sent to Rodarte on October 23, 2012.

On November 19, 2014, the Department filed a motion to dismiss the underlying lawsuit, asserting Rodarte's tort claims were previously dismissed based on sovereign immunity, and Rodarte obtained all relief he requested on his claim for information. On December 1, 2014, Rodarte filed a "Motion to Proceed with Additional Tort Claims, Under Tort Claims Act, Constitutional Tort, Motion for Bench Warrant." In his motion, Rodarte asserted he should be permitted to "litigate the issue of damages" for additional tort claims, contending the discovery rule tolled the accrual of limitations on those additional claims until his receipt of the 1995

investigation file. On December 5, 2014, the trial court signed an order granting the Department's motion and dismissing the underlying lawsuit. Rodarte appeals.

## DISCUSSION

In its original plea to the jurisdiction, the Department asserted any causes of action asserted by Rodarte seeking monetary damages were barred by sovereign immunity because the Department, as an agency of the State of Texas, cannot be liable for monetary damages absent legislative consent to sue the State. As previously noted, the trial court granted the Department's plea, and Rodarte did not challenge the trial court's ruling in his first appeal. Accordingly, this court affirmed the portion of the trial court's order dismissing Rodarte's tort claims. *See id*. at *4.

In this appeal, Rodarte contends the trial court erred in granting the Department's motion to dismiss because he should have been allowed to pursue additional causes of action against the Department based on the information contained in the 1995 investigation file. In the motion he filed in the trial court, Rodarte stated he wanted to pursue those claims to "litigate the issue of damages." As the Department noted in its motion to dismiss, however, the trial court already ruled that sovereign immunity barred any causes of action against the Department for damages. Because this court affirmed that portion of the trial court's order, the determination that any claims Rodarte asserts against the Department seeking damages are jurisdictionally barred by sovereign immunity has become law-of-the-case and precludes Rodarte from pursuing any such claims. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (noting under law-of-the-case doctrine, "a decision rendered in a former appeal of a case is generally binding in a later appeal of the same case"). Accordingly, we affirm the trial court's order.

Even if we ignored our prior holding and considered Rodarte's reference to the discovery rule, we would still affirm the trial court's order. Rodarte's motion referred to tort and constitutional claims. "In general, constitutional claims that arise in Texas under the Texas

Constitution and the United States Constitution, including section 1983 claims, are burdened by Texas's two-year tort statute of limitations." *Nickerson v. TDCJ-ID*, No. 09-10-00091-CV, 2011 WL 2732605, at *2 (Tex. App.—Beaumont July 14, 2011, no pet.) (mem. op.); *see also Prado v. City of Fredericksburg Police Dep't*, No. 04-10-00565-CV, 2011 WL 1158368, at *2 (Tex. App.—San Antonio Mar. 30, 2011, pet. denied) (mem. op.). Similarly, common-law tort claims are also governed by a two year limitations period. *See Nickerson*, 2011 WL 2732605, at *2; *Prado*, 2011 WL 1158368, at *2; TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). In this case, the Department provided its file to Rodarte on October 23, 2012. Even if we assume the discovery rule tolled the applicable limitations period for any constitutional or tort claim arising from the information contained in the 1995 investigation file until the file was produced, Rodarte would have been required to file any such claims within two years of the date the file was provided, or by October 23, 2014. Rodarte did not, however, amend his pleadings in the underlying lawsuit to assert any such claims before that date.[1]

## CONCLUSION

The trial court's order is affirmed.

Marialyn Barnard, Justice

---

[1] If we were to construe Rodarte's proposed additional claims as causes of action he is asserting on behalf of his children for their personal injuries arising from the sexual assault, those claims, assuming Rodarte had standing to assert them, would also be governed by the law-of-the-case doctrine with regard to sovereign immunity barring any claims against the Department for monetary damages. In addition, those claims would be subject to a five year limitations period which would have expired on the children's 23rd birthday, and the discovery rule would not apply to further toll limitations for those claims because the children reported the abuse in 1995. *See Doe v. St. Stephen's Episcopal School*, 382 Fed. Appx. 386, 389 (5th Cir. 2010) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 6-7 (Tex. 1996)); *Doe v. Roman Catholic Archdiocese of Galveston-Houston ex rel. Dinardo*, 362 S.W.3d 803, 810 (Tex. App.—Houston [14th Dist.] 2012, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 16.0045 (West Supp. 2014); *see also Rodarte v. State*, No. 04-04-00673-CR, 2006 WL 622516 (Tex. App.—San Antonio Mar. 15, 2006, pet. ref'd) (affirming Rodarte's criminal conviction for aggravated sexual assault and indecency by contact with one of his children who was seven in September of 1995).