LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 12, 2001, Captain Sen Ngo was steering his boat beneath the Biloxi/Ocean Springs drawbridge when the boat collided with the bridge. At the time of the accident, Ngo’s boat was insured by Centennial Insurance Company. Centennial investigated the claim and paid Ngo’s claimed property damage less $1,750 in damages which Centennial attributed to damage previously sustained by Ngo’s vessel. On November 12, 2002, Ngo filed suit against Centennial, G & M Marine, and Point Cadet Insurance Company. Centennial and G & M Marine filed a timely answer, and Point Cadet filed a motion to dismiss for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. Centennial and G & M Marine propounded interrogatories and requests for production of documents on Ngo on December 6, 2002.
¶ 2. On February 5, 2008, Ngo requested an extension of time to respond to the discovery requests. Centennial, G & M Marine and Ngo agreed that Ngo would respond to the discovery by February 28, 2003. On March 13, 2003, after receiving no response from Ngo, Centennial and G & M Marine filed a motion to compel. In his response to the motion to compel, Ngo argued that his failure to comply with the discovery requests was due, in part, to a tuberculosis diagnosis. Ngo further stated that he was diagnosed with active tuberculosis in September 2002, and he attached a doctor’s note to the motion in support of this contention. The note further stated that Ngo would not be released to work until June 2003. Ngo argued that because of his medication schedule, it was not possible for him to assist in completing the discovery requests. Ngo further argued that because he speaks no English he relied on his son to interpret for him, however due to Ngo’s inability to work, Ngo’s son was occupied with running the family business and could not assist Ngo in translating.
¶ 3. On April 8, 2003, Centennial and G & M served a subpoena duces tecum on Ngo’s doctor, requesting Ngo’s medical records. On April 14, the court held a hearing on the motion to compel. At this *1079 hearing Ngo did not urge the court to quash the subpoena. On April 17, the trial court ordered that Ngo respond to the discovery requests, and on May 8, Ngo submitted responses to some of the requests. On July 14, Centennial and G & M Marine filed a motion to dismiss or to compel proper discovery responses regarding Ngo’s responses to certain interrogatories and certain requests for production.
¶ 4. Ngo filed a motion for trial setting on August 4, and on August 7 Ngo filed a motion for contempt and sanctions against Centennial and G & M Marine claiming that the subpoena duces tecum violated the physician-patient privilege. A hearing was held on August 22, and the trial court denied Ngo’s motion for sanctions and contempt. The trial judge also determined that it would be of little benefit to re-order Ngo to comply with his previous discovery order. On August 26, the trial court dismissed Centennial and G & M Marine without prejudice, but included in his order a provision “that Plaintiff shall not refile a lawsuit against such Defendants without fully responding to their aforesaid Interrogatory and Requests for Production.” The court also dismissed with prejudice all claims against Point Cadet by virtue of an order filed September 3. Ngo filed a motion to alter, amend or vacate the order dismissing Centennial and G & M Marine, and the trial court denied the motion. It is from the trial court’s orders of August 26 and September 3 that Ngo now appeals.
¶ 5. Ngo assigns error in the following: (1) the trial court erred in dismissing Centennial and G & M Marine without prejudice due to the alleged discovery violations; (2) the trial court erred in denying Ngo a hearing on his motion to alter, amend or vacate the order of August 26; (3) the trial court erred in dismissing Point Cadet with prejudice; (4) the trial court erred in not sanctioning Centennial and G & M Marine for acquiring Ngo’s medical records without Ngo’s consent.
STANDARD OF REVIEW
¶ 6. “Trial courts have considerable discretion in discovery matters and decisions will not be overturned unless there is an abuse of discretion.” Robert v. Colson, 729 So.2d 1243, 1245(¶ 11) (Miss.1999) (citing Dawkins v. Redd Pest Control Co., 607 So.2d 1232, 1235 (Miss.1992)). A motion for dismissal under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law. Tucker v„ Hinds County, 558 So.2d 869, 872 (Miss.1990). In reviewing the grant of a motion to dismiss, this Court conducts a de novo review. T.M. v. Nob-litt, 650 So.2d 1340,1342 (Miss.1995).
. DISCUSSION OF THE ISSUES
I. ORDER DISMISSING CENTENNIAL AND G & M MARINE WITHOUT PREJUDICE
a) Dismissing Centennial and G & M Marine without prejudice
¶ 7. Mississippi Rule of Civil Procedure 37 is designed to vest with the trial court great latitude in deciding when and what sanctions will be imposed for a discovery violation. White v. White, 509 So.2d 205, 207 (Miss.1987). Rule 37 grants the trial court a multitude of options in meting out sanctions for discovery violations, including striking pleadings, staying the proceedings, or dismissing the action. M.R.C.P. 37(b)(2). The authority to dismiss is vested in any court of law or equity, since it is necessary to the orderly expedition of justice and the court’s regulation of its own docket. Palmer v. Biloxi Reg’l Med. Ctr., 564 So.2d 1346, 1367 (Miss.1990). This Court will affirm a trial court’s decision unless there is a “definite and firm conviction that the court below *1080 committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Pierce v. Heritage Properties, Inc., 688 So.2d 1385, 1388 (Miss.1997).
¶ 8. The Mississippi Supreme Court has outlined four factors as guidance in evaluating the appropriateness of a dismissal with prejudice under Rule 37. These factors are considerations and not four absolute requirements. Smith v. Tougaloo College, 805 So.2d 633, 640(¶ 24) (Miss.Ct.App.2002).
First, dismissal is authorized only when the failure to comply with the court’s order results from wilfulness or bad faith, and not from the inability to comply. Dismissal is proper only in situation where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
Pierce, 688 So.2d -at 1389. It is important to note that while the court in Pierce referred to dismissal with prejudice, in the case sub judice, Centennial and G'& M Marine were dismissed without prejudice.
¶ 9. A case more analogous to the case at bar is Fluor Corp. v. Cook, 551 .So.2d 897 (Miss.1989), which pre-dates our supreme court’s analysis in Pierce, but is useful in this case because it addresses a dismissal without prejudice. In Fluor, the plaintiffs medical malpractice suit was dismissed without prejudice following the exclusion of the plaintiffs expert witness due to the plaintiffs failure to timely respond to interrogatories. The supreme court considered why the plaintiff failed to respond to the interrogatories and determined that the “[plaintiffs] failure to comply was because of inability to comply, rather than because of willfulness, bad faith, or any fault of the [plaintiff], thus making the action discretionarity dismissible without prejudice.” Fluor Corp., 551 So.2d at 903.
¶ 10. Under the law as enunciated in Pierce, it is clear that a dismissal with prejudice requires the consideration of a number of factors including the disobedient party’s willfulness and bad faith, and prejudice incurred by the other party. However, because the case sub judice addresses a lesser sanction, this Court is inclined to follow the law as enunciated in Fluor, until otherwise instructed by our supreme court.
¶ 11. Like the plaintiff in Fluor, Ngo’s non-compliance could be attributed to his inability, as opposed to his obsti-nance. It is clear that Ngo had some difficulty communicating with his attorney due to his illness and the language barrier. However, the trial court and defense counsel were clearly thwarted in their attempts to accommodate Ngo and his counsel in their difficulties. Despite numerous extensions and the court’s order to respond to the discovery, the discovery went unanswered. Under Fluor, the trial judge’s action in dismissing the case without prejudice is clearly within his discretion.
b) Prohibiting Ngo from re-filing his claims
¶ 12. Ngo also argues that the trial court erred in ordering that he respond to the discovery requests prior to re-filing any suit against Centennial and G & M Marine. This Court is inclined to agree. Mississippi Rule of Civil Procedure Rule 37(e) grants the trial court latitude in *1081 allowing additional sanctions. The rule provides as follows:
Additional sanctions: In addition to the application of those sanctions, specified in Rule 26(d) and other provisions of this rule, the court may impose upon any party or counsel such sanctions as may be just, if any party or counsel ... otherwise abuses the discovery process in seeking, making or resisting discovery.
M.R.C.P. 37(e). While this Court certainly recognizes the difficulty faced by trial judges in these instances, this Court does not agree that the trial court acted within its discretion in so requiring that Ngo respond to discovery in a previously dismissed case as a condition precedent to refiling his claims. “A court must look to the content of the pleading to determine the nature of the action. Substance is considered over form.” Amona v. Smith, 749 So.2d 63, 66(¶ 8) (Miss.1999). The contingency in the order dismissing Ngo’s claims essentially enjoins Ngo from proceeding with his claims anew until he complies with the prior order of the court. To issue an injunction, a court must consider the following factors:
(1) there exists a substantial likelihood that plaintiff will prevail on the merits;
(2) the injunction is necessary to prevent irreparable harm; (3) the threatened harm to the applicant outweighs the harm the injunction might do to: the respondents; and, (4) entry of the injunction is consistent with the public interest.
City of Durant v. Humphreys County Mem’l Hosp., 587 So.2d 244, 250 (Miss. 1991). There is no evidence in the record before this Court that the trial judge considered any of the relevant factors in his order requiring Ngo * to respond to the discovery prior to refilling his complaint. As such, the trial judge abused his discretion in including this provision in the order of dismissal.
II. DENIAL OF A HEARING ON NGO’S MOTION TO ALTER, AMEND OR VACATE
¶ 13. Ngo cites no authority in support of his contention that the trial court erroneously denied a hearing on his motion to alter, amend, or vacate the judgment. It is long standing law in Mississippi that failure to cite authority in support of an argument precludes this Court from considering the assignment of error on appeal. Hewlett v. State, 607 So.2d 1097, 1107 (Miss.1992). Accordingly, this Court declines to consider this assignment of error.
III. POINT CADET’S MOTION TO DISMISS
¶ 14. When considering a motion to dismiss, the allegations of the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. T.M., 650 So.2d at 1342. A motion to dismiss made under Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Martin v. Phillips, 514 So.2d 338, 340 (Miss.1987). When considering a 12(b)(6) motion, the court’s inquiry essentially is limited to the content of the complaint. Tucker, 558 So.2d at 872 (citing Jackson v. Procunier, 789 F.2d 307, 309 (5th Cir.1986)). The court must assume the factual allegations in the complaint are true, construe them in a manner most favorable to the non-movant, and decide if the facts alleged could give rise to an actionable claim. Tucker, 558 So.2d at 872 (citing Rathbome v. Rathbome, 683 F.2d 914, 918 (5th Cir.1982)). The court does not have to accept legal conclusions *1082 or allegations as to the legal effect of events which may be included in a complaint. Tucker, 558 So.2d at 872 (citing Davidson v. State of Georgia, 622 F.2d 895, 897 (5th Cir.1980)).
¶ 15. Limiting our review to the content of the complaint, it is clear that the trial court properly dismissed Point Cadet. In Count I of the complaint, Ngo states his claim for a full payment of benefits under the insurance policy. Point Cadet argues that it has no responsibility to pay Ngo, for Point Cadet is not a party to the insurance contract between Ngo and Centennial. Assuming that the insurer, Centennial, owes payment under the policy, Ngo has not pled any facts to support a contention that Point Cadet interfered with proper payment under the policy.
¶ 16. In Count II, Ngo alleges that the defendants refused to pay his entire claim in bad faith and that the defendants attempted to coerce Ngo into withdrawing his insurance claim. Assuming that these allegations are true, Ngo has no claim against Point Cadet, for it is not a party to the insurance contract. Furthermore, no facts have been alleged to support Ngo’s conclusion that Point Cadet either participated in or interfered with Centennial’s non-payment under the policy.
¶ 17. In Count III, Ngo lists the following “related causes of action by defendants acting in concert”: breach of contract, negligence, statutory breach, fraud, and “plaintiff reserves the right to show other wrongful acts by defendants at trial.” This list of allegations are, at best, legal conclusions as to the effect of events to which Ngo alludes in the complaint. Assuming that the defendants acted recklessly, as alleged in the complaint, Ngo failed to allege any duty which Point Cadet owed Ngo, much less any facts to support an allegation that Point Cadet breached a duty to Ngo. Regarding Ngo’s fraud allegation, fraud must be pled with particularity. Mississippi Rule of Civil Procedure 9(b). There were no facts alleged to support a claim of fraud against Point Cadet. This Court further agrees with Point Cadet that no facts were alleged to support a claim of “statutory breach.”
¶ 18. Count IV of the complaint urges that punitive damages be assessed against the defendants. However, to be liable for punitive damages, Point Cadet must first be liable for actual damages. Hopewell Enters., Inc. v. Trustmark Nat’l Bank, 680 So.2d 812, 820 (Miss.1996). Because Ngo did not plead claims against Point Cadet for which relief could be granted, neither actual nor punitive damages are appropriate. This Court affirms the trial court on this issue.
IV. SANCTIONS AGAINST CENTENNIAL AND G & M MARINE
¶ 19. Ngo urges that the trial court erred in not sanctioning Centennial and G & M Marine for acquiring his medical records without authorization. Ngo cites no authority in support of this contention, other than including a general statement in his statement of the issues that Centennial and G & M’s receipt of the medical records was “in violation of the doctor/patient privilege and the Health Insurance Portability and Accountability Act (HIPAA) (1996).” Ngo fails to cite any authority or even direct this Court to a section of HIPAA in support of his general allegation that these actions constituted a violation of the Healthcare Insurance Portability and Accountability Act. Indeed, Ngo did not substantively address this claim in his brief. Once again this Court is reminded that the failure to cite appropriate law in support of an argument precludes this Court from considering the assignment of error on appeal. Hewlett, 607 So.2d at 1107. This Court is neither inclined nor obligated to search voluminous *1083 federal legislation in an effort to substantiate an allegation the appellant did not see fit to support in his brief. Accordingly, this Court declines to address these contentions on appeal.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND RENDERED AS TO ISSUE 1(B) AND AFFIRMED AS TO ALL OTHER ISSUES. ONE-THIRD OF THE COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES, AND TWO-THIRDS TO THE APPELLANT.
BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.