# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00418-SCT

*ROBERT McGOWEN*

*v.*

*ROMAN CATHOLIC DIOCESE OF BILOXI AND*
*SACRED HEART CATHOLIC CHURCH*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2020 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| TRIAL COURT ATTORNEYS: | JOHN F. HAWKINS |
| | ROBERT T. SCHWARTZ |
| | CHRISTIAN STRICKLAND |
| | JORDAN R. MATHEWS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN F. HAWKINS |
| ATTORNEYS FOR APPELLEES: | CHRISTIAN STRICKLAND |
| | ROBERT T. SCHWARTZ |
| | JORDAN R. MATHEWS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 06/17/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     In September 2019, Robert McGowen filed a complaint in the Forrest County Circuit Court alleging that he had been sexually abused by a priest at Sacred Heart Catholic Church in 1984 and 1985 when McGowen was twelve to thirteen years old. According to McGowen, he repressed the memories until December 2018. Sacred Heart Catholic Church and the Roman Catholic Diocese of Biloxi answered the complaint and moved to dismiss based on

the expiration of the statute of limitations in Mississippi Code Section 15-1-49. On April 17, 2020, the circuit court entered an order dismissing the complaint without prejudice. McGowen appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. In December 2018, McGowen allegedly recalled that, in or around 1986, while attending class as Sacred Heart, Father John Scanlon had masturbated McGowen and instructed McGowen to masturbate him. In January 2019, McGowen began receiving therapy from Dr. Deborah Dawes to work through the trauma of the alleged abuse. Dawes determined that McGowen suffered from major depression and post-traumatic stress disorder with symptoms of excessive anxiety, intrusive memories, nightmares, difficulty sleeping, and suicidal ideation. Dawes opined that McGowen's reports of abuse were credible and that he had repressed his memories of the abuse.

¶3. On September 17, 2019, McGowen filed a complaint, naming the Estate of Father Scanlon, Sacred Heart Catholic Church, and the Roman Catholic Diocese of Biloxi as Defendants. McGowen claimed that when he was twelve to thirteen years old in 1984 or 1985, Scanlon physically, sexually, and emotionally abused him in the rectory of Sacred Heart. Sacred Heart and the Diocese answered the complaint and moved to dismiss under Mississippi Rule of Civil Procedure 12, arguing that McGowen's claims were barred by the statute of limitations in Mississippi Code Section 15-1-49.

2

¶4.     On April 17, 2020, the circuit court entered an order dismissing the complaint.  The circuit court found that McGowen's claims were governed by the general statute of limitations in Mississippi Code Section 15-1-49.  McGowen appeals.

## STANDARD OF REVIEW

¶5.     "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim." *Children's Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 933 (¶ 5) (Miss. 2006) (citing *Stuckey v. The Provident Bank*, 912 So. 2d 859, 865 (¶ 11) (Miss. 2005)).  "[W]e review de novo the denial of a motion to dismiss for failure to state a claim." *Id.* (citing *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (¶ 6) (Miss. 2003)).  "In order to reverse, 'it must be such that no set of facts would entitle the opposing party to relief.'" *Id.* (quoting *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (¶ 4) (Miss. 2006)).  "The Court must accept the allegations in the complaint as true and consider only whether *any* set of facts could support [McGowen's] action." *City of Vicksburg v. Williams*, 191 So. 3d 1242, 1244 (¶ 7) (Miss. 2016).

## DISCUSSION

¶6.     McGowen argues that the circuit court erred by failing to apply the discovery rule to his claims.  Under Mississippi Code Section 15-1-49(2), "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2019).  McGowen argues

that since his memories were repressed until December 2018, he suffered a latent injury and timely filed his claim.

## I.  The circuit court erred by failing to apply the discovery rule.

¶7.     In the case *sub judice*, the judge stated,

> The case cited by the Church Defendants, ***Doe v. Roman Catholic Diocese of Jackson***, 947 So. 2d 983 (Miss. Ct. App. 2006) considered whether the discovery rule and fraudulent concealment applied in a priest sex abuse case, but not in the context of repressed memory or unsound mind tolling. Without guidance from the appellate courts, or specific language from the legislature, this Court is unwilling to create a new rule to toll the period of limitations for repressed memories.

¶8.     The Court of Appeals in ***Doe*** held, "[t]he discovery rule does not apply in Doe's case. Our supreme court has held that where there is no latent injury, the discovery rule cannot apply." ***Doe v. Roman Catholic Diocese of Jackson***, 947 So. 2d 983, 986 (¶ 6) (Miss. Ct. App. 2006) (citing ***PPG Architectural Finishes, Inc. v. Lowery***, 909 So. 2d 47, 50 (¶ 10) (Miss. 2005)).  However, the facts in ***Doe*** and in the case *sub judice* differ substantially.  In ***Doe***, the alleged acts of abuse took place over the period of ten years, from around 1972 to around 1982.  *Id.* at 985 (¶ 1).  The abuse took place throughout Doe's time in high school and then resumed after Doe's separation from her husband in 1982.  *Id.*  The court stated,

> the acts of abuse alleged by Doe are physical acts of which a person is generally aware when the event occurs. Given the nature of the physical acts Doe alleges she endured . . . and her age at the time of the abuse, Doe was certainly aware of the abuse at the time of its occurrence.

*Id.* at 986 (¶ 7).

¶9. Additionally, Doe did not argue that she did not remember the events. Doe argued that her injury was a latent injury because "she did not psychologically comprehend that the priests' acts were abuse, she did not connect the priests' actions to her emotional problems, and she only recently began to psychologically comprehend that the priests' acts were abusive and the cause of her injuries." *Id.* at (¶ 5). In the case *sub judice*, McGowen argues that his injury is a latent injury because he repressed the memories of abuse, and he did not remember that any abuse occurred until 2018. Additionally, instead of the abuse taking place over the course of ten years, the alleged abuse amounted to a single incident that occurred either in 1984 or 1985, when McGowen was twelve or thirteen years old. As stated correctly by the circuit court, the court in *Doe* did not discuss repressed-memory tolling. However, the circuit court did err by dismissing the case under Mississippi Code Section 15-1-49.

¶10. Again, Section 15-1-49 states that the "cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code. Ann. § 15-1-49(2). The Court has stated, "Because there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonabl[y] should have known that an injury existed." *F & S Sand, Inc. v. Stringfellow*, 265 So. 3d 170, 174 (¶ 7) (Miss. 2019) (alteration in original) (internal quotation marks omitted) (quoting *Am. Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1075 (¶ 53) (Miss. 2017)). The Court also stated, "[O]ccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions,

5

the question may be taken away from the jury if reasonable minds could not differ as to the conclusion." *Id.* at 175 (¶ 11) (alteration in original) (internal quotation marks omitted) (quoting *Stringer v. Trapp*, 30 So. 3d 339, 342 (¶ 12) (Miss. 2010)). McGowen's claims accrue "upon the discovery of [his] injury, *not discovery of the injury and its cause*." *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (¶ 9) (Miss. 2010). The Court need go no further than the language of Section 15-1-49 to resolve the instant appeal. The complaint alleges that the Plaintiff did not know of his injury until late 2018. As the Court must take all allegations of the complaint as true in the context of a Rule 12(b)(6) motion to dismiss, the Plaintiff's allegations suffice to invoke the discovery rule in answer to the Defendants' motion to dismiss.

¶11. The Church claims that the case *sub judice* is an issue of first impression and that the Court should "look to other jurisdictions in determining the matter." *Forrest Gen. Hosp. v. Upton*, 240 So. 3d 410, 418 (¶ 32) (Miss. 2018) (internal quotation mark omitted) (quoting *Sheppard v. Miss. State Highway Patrol*, 693 So. 2d 1326, 1329 (Miss. 1997)). The Church argues that repressed-memory tolling has been rejected in Alabama and Texas, citing *Travis v. Ziter*, 681 So. 2d 1348, 1355 (Ala. 1996), and *S. V. v. R. V.*, 933 S.W.2d 1, 25 (Tex. 1996). McGowen argues that repressed-memory tolling is the majority rule, citing *Doe v. Roe*, 955 P.2d 951, 953 (Ariz. 1998), *Moriarty v. Garden Sanctuary Church of God*, 534 S.E.2d 672, 674 (2000), and *Johnson v. Johnson*, 701 F. Supp. 1363, 1364 (N.D. Ill. 1988). The Church further argues that repressed memories are "a piece of scientific folklore," citing many

journals and articles to support its claim. However, it is unnecessary to consider precedent from other jurisdictions or the scientific validity of repressed memories. The statute of limitations is silent with regard to repressed memories, but it is not silent about latent injuries. The question before the Court is whether McGowen alleged a latent injury. The discovery rule requires asking whether "the plaintiff knew or reasonabl[y] should have known that an injury existed." *Stringfellow*, 265 So. 3d at 173-174 (¶ 7) (alteration in original) (internal quotation mark omitted) (quoting *Am. Optical Corp.*, 227 So. 3d at 1075 (¶ 53)). "Whether the plaintiff *knew* about the injury has typically been reserved as a jury question." *Lowery*, 909 So. 2d at 50 (¶ 10) (citing *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199 (Miss. 1999)). Accordingly, whether McGowen knew or reasonably should have known about the injury is a question of fact for the jury.

## CONCLUSION

¶12. Accepting the allegations in the complaint as true, the trial court erred by finding that McGowen failed to state a claim. Based on the allegations, we cannot agree that there is no set of facts upon which McGowan could recover; the decision of the circuit court is reversed and remanded.

¶13. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J.**

**GRIFFIS, JUSTICE, DISSENTING:**

7

¶14.    The majority finds the circuit court erred "by failing to apply the discovery rule" and "by dismissing the case under Mississippi Code Section 15-1-49 [(Rev. 2019)]." Maj. Op. ¶¶ 6, 9. I respectfully disagree and find the discovery rule does not apply; therefore, the case was properly dismissed.

¶15.    The circuit court found McGowen's claims were barred by the applicable statute of limitations. As the circuit court properly noted,

> McGowen's claims are governed by the general statute of limitations set forth in Mississippi Code Annotated § 15-1-49, prior to its 1989 amendment. Claims that accrued prior to 1989 are subject to a six-year statute of limitation. Because McGowen was a minor at the time of the alleged abuse, the period of limitations was tolled until he reached the age of majority. *See* Mississippi Code [Section] 15-1-59 (Rev. 2003); *see also **Lawler v. Government Employees Ins. Co.***, 569 So. 2d 1151, 1153 (Miss. 1990). According to the [c]omplaint, McGowen was twelve years old in 1984. Therefore, barring some other tolling, the period of limitations would have expired around 1999.

¶16.    Under the discovery rule, "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2019). "[T]o claim benefit of the discovery rule, a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury." ***Wayne Gen. Hosp. v. Hayes***, 868 So. 2d 997, 1001 (Miss. 2004). "The focus is on the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he probably has an actionable injury." ***Id.*** (internal quotation marks omitted) (quoting ***Smith v. Sanders***, 485 So. 2d 1051, 1052 (Miss. 1986)). "Because

8

there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonabl[y] should have known that an injury existed." *F & S Sand, Inc. v. Stringfellow*, 265 So. 3d 170, 174 (Miss. 2019) (alteration in original) (internal quotation marks omitted) (quoting *Am. Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1075 (Miss. 2017)).

¶17.    "[I]f a latent injury is *not* present the discovery rule w[ill] *not* apply." *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (Miss. 2005) (citing *Chamberlin v. City of Hernando*, 716 So. 2d 596, 602 (Miss. 1998)).

> A latent injury is defined as one where the "plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act."

*Id.* (quoting *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 168 (Miss. 1999)).

¶18.    McGowen asserts that "his injury is a latent injury because he repressed the memories of abuse, and he did not remember that any abuse occurred until 2018." Maj. Op. ¶ 9. He argues that because his injury is a latent injury, the circuit court should have applied the discovery rule to his claims. I disagree.

¶19.    In *Doe v. Roman Catholic Diocese of Jackson*, the Court of Appeals found that Doe's sexual abuse claims were "time barred on their face" and that the discovery rule did not apply because there was no latent injury. *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 986 (Miss. Ct. App. 2006). In *Doe*, the alleged sexual abuse began when

9

Doe was twelve to thirteen years old. *Id.* at 985 n.3. The court, per then-Chief Judge King, now-Presiding Justice King, ruled,

> The acts of abuse alleged by Doe are physical acts of which a person is generally aware when the event occurs. Given the nature of the physical acts Doe alleges she endured from Boyce and Broussard, and her age at the time of the abuse, Doe was certainly aware of the abuse at the time of its occurrence. Whether or not Doe was mentally capable of understanding the physical acts she endured when they occurred is not the critical inquiry with the discovery rule.

*Id.* at 986.

¶20. Here, according to the complaint, the alleged abuse occurred when McGowen was twelve to thirteen years old. As in *Doe*, "[g]iven the nature of the physical acts [McGowen] alleges []he endured from [Father Scanlon], and h[is] age at the time of the abuse, [McGowen] was certainly aware of the abuse at the time of its occurrence." *Id.*

¶21. The majority attempts to distinguish *Doe* by noting that "Doe did not argue that she did not remember the events" but instead claimed that "she did not psychologically comprehend that the priests' acts were abuse . . . ." Maj. Op. ¶ 9 (internal quotation marks omitted). While *Doe* "did not discuss repressed-memory tolling[,]" it is still instructive regarding the discovery rule and latent-injury analysis. Maj. Op. ¶ 9. Here, as in *Doe*, the alleged sexual-abuse claims "are physical acts of which a person is generally aware when the event occurs." *Doe*, 947 So. 2d at 986. Simply because McGowen repressed the alleged injury does not make the injury latent. Stated differently, simply because McGowen repressed the alleged sexual abuse does not mean that the acts were "secretive or inherently

10

undiscoverable" in nature.  *Lowery*, 909 So. 2d at 50 (quoting *Donald*, 735 So. 2d at 168).

Indeed, McGowen was not "precluded from discovering [the] harm or injury." *Id.* (quoting

*Donald*, 735 So. 2d at 168).

¶22.   The majority asserts that "whether McGowen knew or reasonably should have known

about the injury is a question of fact for the jury."  Maj. Op. ¶ 11.  "[O]ccasionally the

question of whether the suit is barred by the statute of limitations is a question of fact for the

jury; however, as with other putative fact questions, the question may be taken away from

the jury if reasonable minds could not differ as to the conclusion." *Stringfellow*, 265 So. 3d

at 175 (alteration in original) (internal quotation marks omitted) (quoting *Stringer v. Trapp*,

30 So. 3d 339, 342 (Miss. 2010)).  Based on the record before us, "reasonable minds could

not differ as to the conclusion." *Id.* (internal quotation mark omitted) (quoting *Stringer*, 30

So. 3d at 342).  The record shows that McGowen "knew or reasonabl[y] should have known

that an injury existed." *Id.* at 174 (alteration in original) (internal quotation mark omitted)

(quoting *Am. Optical Corp.*, 227 So. 3d at 1075).  Again,

> [t]he acts of abuse alleged by [McGowen] are physical acts of which a person
> is generally aware when the event occurs. Given the nature of the physical acts
> [McGowen] alleges []he endured from [Father Scanlon], and h[is] age at the
> time of the abuse, [McGowen] was certainly aware of the abuse at the time of
> its occurrence.

*Doe*, 947 So. 2d at 986.  While he may have repressed *the memories*, McGowen knew or

reasonably should have known at that time that an injury had occurred.  Thus, this case is one

where "the question may be taken away from the jury . . . ." *Stringfellow*, 265 So. 3d at 175

11

(quoting *Stringer*, 30 So. 3d at 342). Indeed, this case is different from latent-injury cases such as a medical-malpractice case in which a surgeon accidently leaves an instrument or tool inside the patient only to be later discovered. *See Williams v. Kilgore*, 618 So. 2d 51, 52 (Miss. 1992) (medical-malpractice case in which a biopsy needle broke during a procedure and was left in the patient, but the patient remained asymtomatic for many years).

¶23. The majority further asserts that this Court "must take all allegations of the complaint as true in the context of a Rule 12(b)(6) motion to dismiss[.]" Maj. Op. ¶ 10. While it is true that when considering a motion to dismiss under Rule 12(b)(6), "[t]he court must assume the factual allegations in the complaint are true, construe them in a manner most favorable to the non-movant, and decide if the facts alleged could give rise to an actionable claim," the court "does not have to accept legal conclusions or allegations as to the legal effect of events which may be included in a complaint." *Ngo v. Centennial Ins. Co.*, 893 So. 2d 1076, 1081-82 (Miss. Ct. App. 2005) (citing *Tucker v. Hinds Cnty.*, 558 So. 2d 869, 872 (Miss. 1990)).

¶24. I agree with the majority that this Court "need go no further than the language of Section 15-1-49 to resolve the instant appeal." Maj. Op. ¶ 10. In other words, I agree that it is unnecessary to address McGowen's repressed memory argument and whether it tolls the statute of limitations. Instead, based on the language of Section 15-1-49, the discovery rule does not apply because no latent injury is present. *Lowery*, 909 So. 2d at 50.

¶25. But I note that other jurisdictions have addressed the repressed-memory issue, and they have rejected it. In *Travis v. Ziter*, the Travises alleged that Steve Travis was subjected

12

to both physical and sexual abuse by Father Ziter between 1974 and 1979, while Steve was a minor. *Travis v. Ziter*, 681 So. 2d 1348, 1350 (Ala. 1996). The defendants filed motions to dismiss pursuant to Rule 12(b)(6) and argued that the complaint was barred on its face by the applicable statute of limitations because the various causes of action accrued no later than 1979. *Id.* In opposition to the motions to dismiss, the Travises argued that Steve was unaware of his causes of action until 1993 because he had "repressed memory of the events until then, when, they say, a visit to F[ather] Ziter 'triggered' a memory of the events." *Id.* The Travises argued that the memory repression should have tolled the running of the limitations period. *Id.* at 1350-51. The Alabama Supreme Court disagreed and affirmed the "judgment holding that [the Travises] action [wa]s barred by the statute of limitations." *Id.* at 1350, 1355. In doing so, the court explained,

> At its core, the statute of limitations advances the truth-seeking function of our justice system, promotes efficiency by giving plaintiffs an incentive to timely pursue claims, and promotes stability by protecting defendants from stale claims. The essence of the Travises' argument is that plaintiffs should be able to use the tolling provision in any situation where they can demonstrate an inability to comprehend a specific legal right, or to recall events that happened many years before, notwithstanding the fact that they have been capable of living an independent, normal, and productive life as to all other matters. Such an expansive interpretation would undermine the purpose of the statutes of limitations.

*Id.* at 1355. The court noted that if it were to accept the "repressed memory" argument, "then plaintiffs, such as the Travises, would be in subjective control of the limitations period and would be able to assert stale claims without sufficient justification or sufficient guaranties of accurate fact-finding." *Id.*

13

¶26. Additionally, in *S.V. v. R.V.*, R. alleged that her father, S., sexually abused her until she was seventeen years old. *S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996). "Because R. did not sue her father within two years of her eighteenth birthday as required by the applicable statutes of limitations, her action [wa]s barred as a matter of law unless the discovery rule permitt[ed] her to sue within two years of when she knew or reasonably should have known of the alleged abuse." *Id.* R. argued that the discovery rule should be applied because she repressed all memory of her father's abuse until about a month after she turned twenty. *Id.* The trial court directed a verdict against R. on the grounds that the discovery rule did not apply and that R. had adduced no evidence of abuse. *Id.* On appeal, the Texas Supreme Court held that "the discovery rule d[id] not apply in this case" and therefore affirmed the judgment of the trial court on statute-of-limitations grounds. *Id.* at 3, 25. The court found that "[o]pinions in this area [of repression] simply c[ould not] meet the 'objective verifiability' element for extending the discovery rule." *Id.* at 20. It noted that "the Legislature [wa]s in the best position to determine and accommodate the complex and conflicting policies involved in determining an appropriate limitations period . . . ." *Id.* at 22.[1]

---

[1]As in Alabama and Texas, and as noted by the circuit court, "Mississippi law does not yet recognize a tolling period for unsoundness of mind due to repressed memory in an abuse case." *Travis*, 681 So. 2d at 1354-55; *S.V.*, 933 S.W.2d at 22; s*ee also* **Lemmerman v. Fealk**, 534 N.W.2d 695, 703 (Mich. 1995) ("The more appropriate forum for resolution of the question whether persons alleging repression of memory of past assaults should be allowed to pursue claims against their accused attackers is the legislative arena."); *O'Neal v. Div. of Fam. Servs.*, 821 P.2d 1139, 1143 (Utah 1991) ("[I]f this sort of change is to be

¶27.    "Whether or not [McGowen] [repressed] the physical acts []he endured when they occurred is not the critical inquiry with the discovery rule." ***Doe***, 947 So. 2d at 986.  Instead, as noted by the majority, "[t]he question before the Court is whether McGowen alleged a latent injury."  Maj. Op. ¶ 11.  I do not find that he did.

¶28.    I agree with the circuit court that this case is time-barred and should be dismissed.  As a result, I would affirm the circuit court's order granting the motion to dismiss.

**MAXWELL, J., JOINS THIS OPINION.**

made in the law of limitations or some narrow exception is to be crafted to deal only with sexual abuse cases, the matter should be addressed to the legislature. . . .  In the present case, there is no legislative enactment under which O'Neal claims entitlement to the benefits of the discovery rule.").